1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| COBBLER NEVADA, LLC, | ) | Case No. 15-CV-2062-GPC (JMA) |
| Plaintiff, | ) | **ORDER GRANTING PLAINTIFF'S EX PARTE MOTION TO EXPEDITE DISCOVERY** |
| v. | ) | |
| DOE-68.7.39.29, | ) | **[ECF No. 2]** |
| Defendant. | ) | |

Before the Court is an Ex Parte Motion to Expedite Discovery filed by Plaintiff Cobbler Nevada, LLC ("Plaintiff").  (ECF No. 2.)  For the reasons discussed below, Plaintiff's application is **GRANTED**.

I.  **PROCEDURAL HISTORY**

On September 16, 2015, Plaintiff filed a Complaint against Defendant Doe-68.7.39.29 ("Defendant").  (Compl., ECF No. 1.)  Plaintiff purports to be the registered owner of United States Copyright Registration Number PAu 3-744-688 for the motion picture entitled "The Cobbler."  Compl., ¶¶ 6-7.  The Complaint alleges a claim of copyright infringement.  Plaintiff alleges that Defendant, using IP address 68.7.39.29, infringed Plaintiff's copyright by copying and distributing Plaintiff's motion picture through a public BitTorrent network without Plaintiff's permission or consent.  Id., ¶

35.  Plaintiff alleges Defendant engaged in infringement activity on over 190 occasions between June 23, 2015 and August 11, 2015. Id., ¶ 12 & Ex. 1.

Plaintiff seeks leave of court to serve a subpoena pursuant to Fed. R. Civ. P. 45 on Defendant's internet service provider ("ISP"), Cox Communications, in order to identify the subscriber and account holder assigned to the IP address used by Defendant.

## II.   LEGAL STANDARDS

Generally, discovery is not permitted without a court order before the parties have conferred pursuant to Federal Rule of Civil Procedure 26(f). Fed. R. Civ. P. 26(d)(1).  Yet, "in rare cases, courts have made exceptions, permitting limited discovery to ensue after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant." Columbia Ins. Co. v. Seescandy.com, 185 F.R.D. 573, 577 (N.D. Cal. 1999) (citing Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)).  Courts grant these requests when the moving party shows good cause for the early discovery.  Semitool, Inc. v. Tokyo Elec. Am., Inc., 208 F.R.D. 273, 275-76 (N.D. Cal. 2002).

The Ninth Circuit has held that when the defendants' identities are unknown at the time the complaint is filed, courts may grant plaintiffs leave to take early discovery to determine the defendants' identities "unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." Gillespie, 629 F.2d at 642.  A district court's decision to grant discovery to determine jurisdictional facts is a matter of discretion.  Columbia Ins. Co., 185 F.R.D. at 578.

District courts apply a three-factor test when considering motions for early discovery to identify certain defendants.  Id. at 578-80.  First, the plaintiff should "identify the missing party with sufficient specificity such that

15cv2062

the Court can determine that defendant is a real person or entity who could be sued in federal court." Id. at 578.  Second, the movant must describe "all previous steps taken to locate the elusive defendant" to ensure that the plaintiff has made a good faith effort to identify and serve process on the defendant. Id. at 579.  Third, the plaintiff should establish that its suit against the defendant could withstand a motion to dismiss. Id.  "[T]o prevent abuse of this extraordinary application of the discovery process and to ensure that the plaintiff has standing," the plaintiff must show that some act giving rise to liability actually occurred and that the discovery is aimed at identifying the person who actually committed the act. Id. at 579-80.

**III.    DISCUSSION**

   **A.    Identification of Missing Parties with Sufficient Specificity**

   First, Plaintiff must identify Defendant with enough specificity to enable the Court to determine that the defendant is a real person or entity who would be subject to the jurisdiction of this Court. Id. at 578.  "[A] plaintiff identifies Doe defendants with sufficient specificity by providing the unique IP addresses assigned to an individual defendant on the day of the allegedly infringing conduct, and by using "geolocation technology" to trace the IP address to a physical point of origin. 808 Holdings, LLC v. Collective of Dec. 29, 2011 Sharing Hash, 2012 WL 1648838, at *4 (S.D. Cal. May 4, 2012).  Here, Defendant identified the IP address of the computer used by Defendant, and used geolocation technology to trace each TCP/IP connection made to IP address 68.7.39.29.  Compl., ¶¶ 12-15 & Ex. 1. Defendant determined the ISP that had provided the IP address associated with Defendant was Cox Communications, and the point of origin for the IP address was El Cajon, California, located in this district. Id., Ex. 1. Consequently, Plaintiff has identified Defendant with sufficient specificity

and has satisfied the first factor of the test for permitting early discovery.

**B.    Previous Attempts to Locate Defendant**

Next, Plaintiff must identify all previous steps taken to identify the Doe Defendant in a good faith effort to locate and serve it.  See Columbia Ins. Co., 185 F.R.D. at 579.  According to Plaintiff, "Plaintiff has no means to readily identify the Doe defendant as a named individual."  Ex Parte Motion at 5.  This is the case because although publicly available data allowed Plaintiff to identify the specific ISP used by Defendant as well as the city(ies) associated with the IP address, it did not permit Plaintiff to ascertain the identity of the subscriber or actual defendant.  Id. at 2. Accordingly, Plaintiff appears to have investigated and obtained the data pertaining to the alleged infringement in a good faith effort to locate Defendant.  See, e.g., Digital Sin, Inc. v. Does 1-5698, No. C-11-04397 LB, 2011 U.S. Dist. LEXIS 128033, at *5 (N.D. Cal. Nov. 4, 2011).

**C.    Ability to Withstand a Motion to Dismiss**

Lastly, to be entitled to early discovery, Plaintiff must demonstrate that the Complaint can withstand a motion to dismiss.  See Columbia Ins. Co., 185 F.R.D. at 579.

1.    Ability to State a Claim Upon Which Relief Can Be Granted

Plaintiff alleges that it is the owner of the copyright for the work at issue, a motion picture entitled "The Cobbler," and that Defendant infringed Plaintiff's copyright by copying and distributing Plaintiff's motion picture through a public BitTorrent network without Plaintiff's permission or consent.  Compl., ¶ 35.  The Court finds Plaintiff has alleged a prima facie case of copyright infringement against Defendant.

2.    Personal Jurisdiction

Plaintiff bears the burden of establishing jurisdictional facts.  See

<u>Columbia Ins. Co.</u>, 185 F.R.D. at 578.  Plaintiff, using geolocation technology, traced Defendant's IP address to a point of origin within the State of California.  Compl., ¶ 14.  Accordingly, Plaintiff has alleged sufficient facts to show it can likely withstand a motion to dismiss for lack of personal jurisdiction.  <u>See</u>, <u>e.g.</u>, <u>Pink Lotus Entm't</u>, 2011 U.S. Dist. LEXIS 65614, at *6-7.

> 3.   <u>Venue</u>

Plaintiff alleges that venue in this District is proper as to Defendant under 28 U.S.C. §§ 1391(b) and 1400(a).  Ex Parte Motion at 6.  "The venue of suits for infringement of copyright is not determined by the general provision governing suits in the federal district courts, rather by the venue provision of the Copyright Act."  <u>Goldberg v. Cameron</u>, 482 F. Supp. 2d 1136, 1143 (N.D. Cal. 2007).  Civil actions for copyright infringement "may be instituted in the district in which defendant or his agent resides or may be found."  28 U.S.C.A. § 1400(1) (West 2006).  An individual "resides" for venue purposes in the district of his domicile.  17 James Wm. Moore, et al., <u>Moore's Federal Practice</u>, § 110.39[2], at 110-76 (3d ed. 2011).  A defendant is "found" for venue purposes where he is subject to personal jurisdiction.  <u>Id.</u> (footnote omitted); <u>see also</u> <u>Brayton Purcell LLP v. Recordon & Recordon</u>, 606 F.3d 1124, 1126 (9th Cir. 2010) ("This circuit interprets [28 U.S.C. § 1400(a)] to allow venue in any judicial district where, if treated as a separate state, the defendant would be subject to personal jurisdiction.").  Plaintiff alleges venue is proper because Defendant allegedly committed the infringing acts complained of in this District.  Compl., ¶ 14 & Ex. 1; Ex Parte Motion at 6.  Thus, venue appears to be proper.

Accordingly, Plaintiff's Complaint can likely survive a motion to dismiss.

## IV.   **CONCLUSION**

For the reasons set forth above, it is hereby ordered that Plaintiff's Application is **GRANTED** as follows:

1.   Plaintiff may serve a subpoena pursuant to Fed. R. Civ. P. 45 upon Cox Communications for the sole purpose of obtaining the *name and address only* of Defendant Doe, based on the IP address listed for him in the complaint -- 68.7.29.29.  Cox Communications shall have fourteen (14) calendar days after service of the subpoena upon it to notify its subscriber that his/her identity has been subpoenaed by Plaintiff.  The subscriber whose identity has been subpoenaed shall have thirty (30) calendar days from the date of such notice to challenge the disclosure to Plaintiff by filing an appropriate pleading with this Court contesting the subpoena.  If Cox Communications intends to move to quash the subpoena, it must do so prior to the return date of the subpoena.  The return date of the subpoena must allow for at least forty-five (45) days from service to production.  If a motion to quash or other customer challenge is brought, Cox Communications must preserve the information sought by Plaintiff pending resolution of the motion or challenge.

2.   The subpoena shall <u>not</u> seek Defendant's telephone number, email address, or Media Access Control (MAC) address, as this information is not necessary for Plaintiff to identify and serve Defendant.

3.   Plaintiff may use the information disclosed pursuant to the subpoena only in pursuing this litigation.

4.   Plaintiff shall serve a copy of this order with any subpoena served upon Cox Communications pursuant to this Order.  Cox Communications, in turn, must provide a copy of this Order along with the required notice to the subscriber whose identity is sought pursuant to this Order.

15cv2062

    5.     No other discovery is authorized at this time.

**IT IS SO ORDERED.**

DATED:  September 25, 2015

                                        _____
                                        Jan M. Adler
                                        U.S. Magistrate Judge